BEST.
*vs*
HIGGINBOTHAM.

---

COVENANT.

# Best *vs* Higginbotham.

### ERROR TO THE GARRARD CIRCUIT.

Case 36.

*Jurisdiction.   Consideration.*

*October 9.*

JUDGE BRECK delivered the opinion of the Court.

*Case stated.*

HIGGINBOTHAM exhibited his bill in chancery against Best, seeking to recover against him about six hundred dollars, which he had paid for Best as his surety. Best relied upon a receipt from Higginbotham for the whole claim sought to be recovered. Higginbotham resisted the receipt upon the ground that the only consideration, upon which it was executed, was illegal and vicious, viz: an agreement on the part of Best not further to prosecute a warrant for perjury, then pending against E. Higginbotham, and which had before that time been sued out at the instance of Best, and upon which Higginbotham was then in custody.

The proof being satisfactory that such was the consideration of the receipt, the Court below was of opinion that it was void, and opposed no obstacle to the com-

plainant's recovery, and decreed accordingly, and the defendant, Best, has brought the case to this Court.

It is insisted on the part of the plaintiff in error, that as both parties were equally guilty, equity should not interfere in favor of either. The general principle is certainly well settled, that equity will afford no aid to either party to render an instrument, the consideration of which is illegal and vicious, available. But the claim set up by the complainant was a meritorious one, and wholly unconnected with the prosecution set on foot, and abandoned by Best in consideration of the receipt.

The only question then is, whether the Chancellor was right in disregarding the receipt as a defence against the complainant's demand. The complainant asserted no right in virtue of it, but merely resisted it when set up by Best, as a valid defence. This, we think, he might do, without prejudice to his right to recover upon a valid and meritorious claim, not tinctured or affected with fraud.

Upon the question of jurisdiction, we have no difficulty. A Court of Equity had jurisdiction of the case, wholly irrespective of the attachment, which was sought and awarded the complainant. The failure in regard to the attachment would not deprive the Court of jurisdiction upon other grounds.

Wherefore, the decree is affirmed.

*Caperton and McKee* for plaintiff; *Turner* for def't.

Where the parties stand in *pari. delicto*, the chancellor will not interfere.

But when a note is based upon a valid consideration, and a receipt is obtained against that note based upon an illegal and vicious consideration, the Chancellor will disregard the receipt, and let the demand be collected; the receipt being invalid does not affect the note.